

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mrs. Peyton Burke
County Auditor, Falls County
Marlin, Texas


Dear Mrs. Burke:

Opinion No. O-6391
Re: Can the Commissioners'
Court of Falls County
legally borrow money
by issuing time warrants
in order to operate the
County's Road and Bridge
Fund on a cash basis?


We are in receipt of your letter of recent date reading as follows:

"* * * Can the Commissioners Court of Falls County legally borrow money in order to operate the County's Road and Bridge Fund on a cash basis? The plan essentially is as follows: Falls County Road and Bridge warrants will be issued as usual in payment of claims presented and properly approved by the Commissioners Court; the holders of these warrants will take them to a designated bank which has agreed to cash them for the holder at face value. When the bank has warrants totaling one thousand dollars ($1,000.00) the County will issue a time warrant to the bank for this amount and bearing a designated rate of interest. * * *"

Replying to the above inquiry, you are advised that a county cannot issue time warrants to fund scrip warrants. Prior to the passage of the Bond and Warrant Law of 1931, same being Article 2368a of Vernon's Texas Civil Statutes, counties could issue time warrants to fund scrip warrants, but since the effective date of said Bond and Warrant Law, scrip warrants can be funded only by the issuance of funding bonds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Sub-section (d) of Section 7 of said law reads, in part, as follows:

"(d)  After this Act becomes effective, no item of indebtedness thereafter issued, except bonds and matured coupons thereon, and except items of indebtedness to be issued under contracts made before this law becomes effective, shall be funded or refunded except in the manner hereinafter in this subsection prescribed, to-wit:

"Notice of intention to issue such funding bonds, including a statement of the amount and purpose of such bonds, shall be published at least once a week for three (3) successive weeks in a newspaper of general circulation within such county, or within such city, as the case may be, at least thirty (30) days before the meeting of the Commissioners' Court or of the governing body, at which time it is proposed to issue such bonds. If no newspaper is published in such county or city, as the case may be, such notice may be posted at the Courthouse door of the county, or at the City Hall, as the case may be.  At any time before the date fixed for the issuance of such bonds, not less than ten per cent (10%) of the qualified property taxpaying voters of the county, as shown by the records in the office of the County Tax Collector, or in the office of the City Tax Collector, as the case may be, may file a petition in the office of the County Clerk or City Secretary or Clerk, praying the Court or the governing body to order an election for the purpose of submitting the proposition to issue such bonds to a vote of the qualified property taxpaying voters of the county or city as the case may be.  Upon the filing of such petition, such Court or governing body shall at the next meeting thereof, order an election to be held in such county or city to determine whether or not such funding bonds shall be issued as indicated in such petition.  '  '  *"

The scrip warrants mentioned by you may be funded only by following the provisions of this Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. F. Gibson
Assistant

CFG:bP